Appellant was indicted for rape in tbe first degree, sodomy in the first degree, and assault in tbe second degree. After trial in the County Court, Westchester County, the jury found him not guilty of rape in tbe first degree, and guilty of attempted rape (no degree being specified), sodomy in the first degree, and assault in the second degree. He was sentenced, on the sodomy charge alone, to imprisonment for a period of not less than 10 nor more than 20 years. No sentence was imposed for the other charges. The appeal is from the “ judgment of conviction ”. Appeal, insofar as it may be from the convictions for attempted rape and assault in the second degree, dismissed. No sentence having been imposed therefor, we have no jurisdiction to review those convictions (People v. Cioffi, 1 N Y 2d 70; People v. Craig, 267 App. Div. 907). Judgment, insofar as it convicts appellant of sodomy in the first degree, reversed on the law and a new trial ordered. The findings of fact are affirmed. Although the learned County Judge properly charged the jury that certain evidence adduced, if believed, was sufficient to justify a verdict against appellant, he also charged that no penetration was necessary to constitute the crime charged, and that certain other evidence, which did not necessarily involve sexual penetration, was sufficient, if credited, to sustain a verdict of guilty of sodomy. This error was not cured by a subsequent reading of section 691 of the Penal Law in connection with a ruling on an exception to this charge, which did not indicate that he intended to withdraw his previous instruction to the jury (cf. Smulczeski v. City Center of Music & Drama, 3 N Y 2d 498, 501; Greenfield v. People, 85 N. Y. 75, 90; Chapman v. Erie Ry. Co., 55 N. Y. 579, 587). It also appears that appellant was not sentenced in conformity with the requirements of sections 690 and 2189-a of the Penal Law. In our opinion, the latter statute requires a psychiatric examination prior to sentence in every ease in which .a sentence of from one day to life may be imposed, regardless of whether such a sentence is in fact imposed. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Beldock and Murphy, JJ., concur in the dismissal of the appeal insofar as it may be from tbe convictions for attempted rape and assault, but dissent from the reversal of the judgment of conviction of sodomy, and vote to affirm said judgment, with tbe following memorandum: In view of the testimony by complainant as to how the crime was committed, it is doubtful whether the charge with respect to penetration was erroneous. However, assuming it was erroneous, it was corrected by the definite, clear and unequivocal statement by the court that slight penetration was sufficient under section 691 of the Penal Law. In any event, the guilt of appellant is so clear that the error, if any, may not be said to warrant reversal.